**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 5, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00413-CV

---

## IN RE T.D.J., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-03986J**

---

## MEMORANDUM OPINION

On May 29, 2014, relator T.D.J. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable John F. Phillips, presiding judge of the 314th District Court of Harris County, to withdraw his May 5, 2014 authorization for a search warrant to obtain a sample of relator's DNA by buccal swab, find that the search warrant was not authorized under Texas law with regard

to juveniles, and order that the DNA results from the buccal swab and any evidence obtained therefrom be excluded in the underlying proceeding and any other juvenile, delinquency, or criminal proceedings against relator.

Relator is a juvenile defendant who has been charged with capital murder. On May 5, 2014, the trial court issued a search warrant for the collection of relator's DNA by buccal swab. In two issues, relator asserts that Texas law does not permit the taking of a DNA sample from him because he has not been adjudicated of a felony and has not been confined to a facility operated by the Texas Youth Commission. *See* Tex. Fam. Code Ann. § 54.0409(a)(1) (West 2014); Tex. Gov't Code Ann. § 411.148(a)(2) (West 2012).

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). Without deciding whether the trial court abused its discretion by issuing a search warrant for relator's DNA sample, we conclude that relator has not established that he does not have an adequate remedy by appeal.

Relator has not filed a motion to suppress the DNA evidence in the trial court. A trial court's ruling on a motion to suppress is reviewable on appeal. *See, e.g.*, *Arguellez v. State*, 409 S.W.3d 657, 662–64 (Tex. Crim. App. 2013) (holding that the court of appeals erred in affirming the denial of the appellant's suppression motion and judgment, and reversing the trial court's denial of motion to suppress). In reviewing a motion to suppress in a juvenile case, the court of appeals utilizes the same standard as in a non-juvenile criminal case. *In re S.M.C.*, 338 S.W.3d 161, 164 (Tex. App.—El Paso 2011, no pet.) (citing Tex. Fam. Code Ann.

§ 51.17(c) (West Supp. 2010); *In re S.J.*, 977 S.W.2d 147, 151 (Tex. App.—San Antonio 1998 no pet.)). Relator should first file a motion to suppress in the trial court and challenge any unfavorable ruling on appeal of a subsequent adjudication, if any.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Jamison, McCally.

3